IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JULIE ANN BOND, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Civil No.06-210-AA |
| | ) | |
| v. | ) | OPINION AND |
| | ) | ORDER |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

REX Q. SMITH
P.O. Box 757
Lake Oswego, OR 97403

     Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

CAROL A. HOCH
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

     Attorneys for Defendant

AIKEN, District Judge:

Plaintiff Julie Bond seeks judicial review of the Social Security Commissioner's final decision denying her application for Childhood Disability Benefits under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).

## PROCEDURAL BACKGROUND

Born May 1, 1979, Bond applied for Childhood Disability Benefits on November 26, 2002. Tr. 95-96. She filed an application for Supplemental Security Income March 11, 2003. Tr. 2-4. Bond alleges disability since April 15, 2001. Tr. 95. At this date Bond was 21.

Both claims were denied initially and upon reconsideration. Tr. 45-51, 207, 210. A hearing was held before an Administrative Law Judge (ALJ) on August 4, 2004. Tr. 547-605. On January 21, 2005 the ALJ issued a decision finding Bond entitled to Supplemental Security Income after December 1, 2002. Tr. 12-20. The ALJ did not find Bond entitled to Childhood Disability Benefits. Tr. 20. The Appeals Council denied review of the ALJ's decision, making his decision final. Tr. 8-10. Bond presently appeals the ALJ's Childhood Disability Benefits decision.

## MEDICAL BACKGROUND

At age 17, in August 1996, Bond was diagnosed with acute myelgeneous leukemia. Tr. 288, 314. Bond immediately received chemotherapy and subsequently had an ileectomy, right collectomy and appendectomy due to radiation complications. Tr. 242, 296. In December 1996 Bond received total body radiation in preparation for transplant therapy. Tr. 241. Bond received an alleogenic bone marrow transplant in January 1997. Tr. 237. Two months later Bond

developed graft versus host disease and related infections. Tr. 225.

The medical record is silent between September 1998 and June 2001, when Bond attended the University of Oregon. Shortly after her graduation, in June 2001, Bond developed a flu-like illness, a rash, and dizziness. Tr. 220. Physicians found that she again manifested graft versus host disease as well as an auto-immune thyroid disorder. *Id.* In September 2001 Bond continued to exhibit graft versus host disease and tachycardiac symptoms as well as an eighteen-pound weight loss. Tr. 267. In November 2001 Bond demonstrated shortness of breath, continued tachycardiac symptoms, elevated liver functions, and a normal energy level. Tr. 266.

Beginning in December 2001, Bond reported excessive fatigue. Tr. 361-62. Bond developed Graves disease, an additional thyroid disorder, in March 2002. Tr. 263. A thyrodectomy was performed. Tr. 326. At this time Bond still manifested graft versus host disease and concurrently developed eye disease caused by her thyroid disorder and bilateral cataracts in response to radiation treatments. Tr. 222, 339, 346. Her left cataract was removed in January 2003. Tr. 350, 474. In March 2003 Bond remained fatigued. Tr. 503. In April 2003 the medical record reflects diagnosis and treatment for depression. Tr. 465-471. The record closes in December 2003.

## DISABILITY ANALYSIS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), *see* also 20 C.F.R. § 404.1505(a). In evaluating Title II disability for

claimants beyond secondary education, the Commissioner engages in a sequential process

encompassing between one and five steps.  20 C.F.R. §§ 404.350(a)(5) citing 404.367,

404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Bond does not challenge the ALJ's

application of these steps.

At step one, the ALJ determines if the claimant is performing substantial gainful activity.

If she is, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i).  At step two, the ALJ

determines if the claimant has "a severe medically determinable physical or mental impairment"

that meets the twelve month duration requirement.  20 C.F.R. §§ 404.1520.  If the claimant does

not have such a severe impairment, she is not disabled.  *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

impairment in the regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii).  If the impairment is determined

to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity (RFC). The claimant's

RFC is an assessment of work-related activities the claimant may still perform on a regular and

continuing basis, despite limitations imposed by her impairments.  20 C.F.R. §§ 404.1520(e),

404.1545(a); Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if

the claimant can perform past relevant work at step four.  20 C.F.R. §§ 404.1520(a)(4)(iv).  If the

claimant cannot perform past relevant work, the ALJ must determine if the claimant can perform

other work in the national economy at step five. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098.  If the process reaches the fifth step the burden shifts to the Commissioner to show that

jobs exist in the national economy in the claimant's residual functional capacity.  *Yuckert*, 482

U.S. at 142; *Tackett*, 180 F.3d at 1098.  If the Commissioner meets this burden the claimant is

not disabled. 20 C.F.R. §§  404.1566, 404.1520(g).

### THE ALJ'S FINDINGS

The ALJ found Bond's "leukemia status post-bone marrow transplant" and depression

severe.  Tr. 19.  The ALJ noted that Bond's attorney stipulated that she could perform substantial

gainful activity (SGA) between 1999 and November 2002, but found that she did not actually

engage in SGA since her April 15, 2001 alleged onset date.  Tr. 19.  The ALJ determined that

Bond's impairments, singularly or in combination, did not meet or equal the relevant listings

"during the material period under consideration in this decision."  *Id.*  The ALJ assessed Bond's

RFC:

> From July 1999 through November 2002: she was able to perform a
> wide range of sedentary and light exertion work activities.  Since
> December 1, 2002, severe fatigue has compromised the claimant's
> ability to sustain work activities.  She is unable to attend work on a
> regular and reliable basis or sustain even sedentary exertion work
> throughout a full-time eight hour workday or 40 hour workweek.

Tr. 20.

Based upon the Medical-Vocational Guidelines, the ALJ found Bond "not disabled" through

November 30, 2002.  *Id.*   The ALJ found Bond not eligible for Child's Benefits because her

representative's SGA stipulation precluded continuous disability since her 1996 onset date.  Tr.

19.  Based upon additional limitations, the ALJ subsequently found Bond disabled and eligible

for Supplemental Security Income since December 1, 2002.  *Id.*

OPINION AND ORDER - 5

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d

1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts

from the Commissioner's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)

(citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)). The reviewing court "may not

substitute its judgement for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the

Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also*

*Batson*, 359 F.3d at 1193.

## DISCUSSION

Bond argues that continuous disability is not required for an award of adult child

disability benefits, and that she is therefore reentitled to Child's Insurance Benefits based upon a

period of "*de facto*" disability before age 22. Plaintiff's Opening Brief, 4. Bond does not

challenge the ALJ's disability analysis or remaining findings.

The ALJ explained his Child Benefit finding:

> The claimant's representative has stipulated on her behalf that she
> was able to perform substantial gainful activity from 1999 through
> November 2002. Therefore, her current disabilty did not begin
> prior to her 22nd birthday (May 1, 2001). Because she was not
> previously found disabled and her current disability did not begin
> prior to her attainment of age 22, she is not entitled to Child's
> Insurance benefits based on the application she filed on November
> 26, 2002 (20 C.F.R. 404.351).

Tr. 19.

OPINION AND ORDER - 6

A footnote addressed Bond's argument regarding non-continuous disability:

> The claimant's representative has stipulated on her behalf that she
> was able to perform substantial gainful activity from 1999 through
> November 2002. However, he asserts that a factual review of her
> status prior to 1999 would show she was disabled prior to and for
> more than 12 months after her 1997 bone marrow transplant. He
> would argue that provisions of the Act (Social Security Act Section
> 202[d][6]) and Regulations section 404.351 (20 C.F.R. 404.351)
> pertaining to "reentitlement to Child's Insurance Benefits" should
> apply to this case. I have concluded, because the claimant was not
> previously found disabled and her current disability did not begin
> prior to her attainment of age 22, she cannot be reentitled to Child's
> Insurance Benefits.

Tr. 19.

Prior to the ALJ's hearing, Bond's counsel stipulated that she could perform SGA between

July 1999 and November 2002. Tr. 39. Such an ability precludes any disability finding. 42

U.S.C. § 402(d)(1)(b)(ii), citing 42 U.S.C. § 423(d), *see* also 20 C.F.R. §§ 404.1520(a)(4)(i),

404.1520(g). Therefore, Bond cannot be found disabled during the stipulated period.

Adult child's benefits may be awarded after age 22 if the claimant is disabled by a

disability beginning before age 22. 42 U.S.C. § 402(d)(1)(B)(ii) citing 42 U.S.C. § 423(d),

*Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996). The relevant disability must last or be

expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A).

Any claim for reentitlement to such benefits must be based upon a previous finding of

entitlement. 42 U.S.C. § 402(d)(6). Social Security Regulations state, "If your entitlement to

child's benefits has ended, you may be reentitled on the same earnings record if you apply for

reentitlement." 20 C.F.R. § 494.351. Because Bond made no previous application, she cannot be

reentitled to benefits. The ALJ noted this in his decision. Tr. 19. This finding is sustained.

Bond suggests that, because her impairments would have met the listing had she applied

OPINION AND ORDER - 7

before age 22 (and consequently before the stipulated period during which she could perform

SGA), she is "*de facto* disabled" for that period and therefore eligible for continuing benefits.

Plaintiff's Reply Brief, 1.  This argument ignores the statutory and regulatory requirements for

continuous disability based upon a previous application.  Counsel notes that no case law, other

than a 1983 decision in the Eastern District of Pennsylvania, supports his position.  Plaintiff's

Reply Brief, 1-4.

Ninth Circuit case law supports the ALJ's reasoning, addressing a fact pattern nearly

identical to Bond's medical history, described above.  *Smolen*, 80 F.3d 1273 at 1280-81.  The

*Smolen* claimant suffered from a childhood cancer and attendant complications.  Like Bond, she

attended college and applied for Childhood Disability Benefits as an adult.  However, the *Smolen*

claimant could point to a *continuous* period of disability, with no interim ability to perform SGA.

*Smolen*, 80 F.3d at 1280.  The *Smolen* court directly addressed the issue of continuous disability

and childhood disability benefits:

> To be eligible for disabled child's insurance benefits, the claimant
> must, "at the time of [her] application, be "under a disability...
> which began before [s]he attained the age of 22."  42 U.S.C. §
> 402(d)(1)(B)(1).  Other circuits have held, and we agree, that the
> claimant must be disabled continuously and without interruption
> begining before her twenty-second birhtday until the time she
> applied for child's disability insurance benefits.  *Smolen*, 80 F.3d
> at 1280.

The court accordingly found Smolen eligible for Childhood Disability Benefits. *Id.*

Bond cannot be found disabled during the stipulated period discussed above.   For this

reason, despite similar factual periods of malignancy and remission, the *Smolen* result does not

encompass Bond.

OPINION AND ORDER - 8

This court finds that the ALJ's interpretation of Social Security Regulations is based upon the appropriate legal standard.  No authority suggests a claimant is entitled to reinstatement of benefits for which she did not apply.  The ALJ appropriately considered Bond's SGA stipulation. This court must affirm an ALJ's decision based upon proper legal standards and supported by the record.  *Batson*, 359 F.3d at 1193.  For this reason, the ALJ's decision regarding Bond's Child Disability Benefit application is affirmed.

## CONCLUSION

The Commissioner's decision that Bond was not entitled to Child's Disability Benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this   30   day of November, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge

OPINION AND ORDER - 9